**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT FABER,                                                                    PLAINTIFF
ADC #131921

v.                                          4:17CV00870-BSM-JTK

GARY STEWART, et al.                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.      Introduction

Plaintiff Robert Faber, a state inmate incarcerated at the Southwest Community Correction Center, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while he was incarcerated at the Faulkner County Detention Center in 2017-2018. Defendants Stewart, Royals, and Andrews were dismissed on April 9, 2018 (Doc. No. 15).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant Nurse Monte Munyan (Doc.

2

Nos. 21-23). Plaintiff did not respond, and by Order dated December 6, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 24). As of this date, Plaintiff has not responded to the Motion.

## II.    Second Amended Complaint

Plaintiff alleged the Faulkner County Detention Center (Jail) was covered in black mold and mildew, which caused him to develop infected sores on his arms and body. (Doc. No. 7, p. 4) He claimed he submitted a medical request which the nurse (Munyan) "blatenly disregard[ed]." (Id.) He also complained about other improper conditions of confinement.

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a

genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.    Official Capacity

The Court agrees with Defendant that Plaintiff's monetary claims against him in his official capacity should be dismissed, because he did not allege that Munyan's actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Defendant states Plaintiff presented no evidence of an on-going custom of denying medical

care or medication to inmates and notes that the Jail policies did not cause any injury to the Plaintiff. (Doc. No. 23-6) Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claim against Defendant in his official capacity should be dismissed.

### B.    Individual Capacity

Defendant also asks the Court to dismiss Plaintiff's claims against him in his individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner.    It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232

(2009).[1]    Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. <u>Nelson v. Correctional Medical Services</u>, 583 F.3d 522, 528 (8th Cir. 2009).

According to Jail records provided by Defendant and the Affidavits of Jail Administrator Chris Riedmueller and Defendant Munyan (Doc. Nos. 23-1, 23-6), Plaintiff was booked into the Jail on October 26, 2017, and at intake, did not exhibit and/or inform Jail Personnel of any skin-related medical issues. (Doc. Nos. 23-2, 23-4) Plaintiff filed a grievance on December 4, 2017, stating he had a possible staph infection on his left arm and was ignored, and told an officer about it, who in turn told a nurse about it. (Doc. No. 23-3) An officer responded to Plaintiff by telling him to submit a medical grievance to the medical staff. (<u>Id.</u>) Munyan states that Plaintiff submitted a medical request on December 17, 2017 complaining about athlete's foot and asking for foot cream and he responded that the cream would be available on the medical cart. (Doc. No. 23-7, p. 1) Plaintiff was prescribed Tolnaftate on December 21, 2017 to treat this condition. (<u>Id.</u>) Dr. Garry Stewart saw Plaintiff on that same date and also prescribed a soap which Plaintiff requested on December 19, 2017. (<u>Id.</u>) On January 18, 2018, Plaintiff submitted a medical request about sores and a need for antibiotics or medical treatment. (<u>Id.</u>) Defendant responded by stating that triple antibiotic ointment and band aids were available on the medical cart until

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." <u>Nelson</u>, 583 F.3d at 528 (quoting <u>Pearson v. Callahan</u>, 555 U.S. at 236).

Plaintiff could be medically-evaluated. (Id.) Plaintiff saw the doctor, Garry Stewart, on February 1, 2018, but did not mention sores or the need for antibiotics. (Id., p. 2) Munyan further states Plaintiff was regularly provided the prescribed soap as ordered by Dr. Stewart and doses of Tolnaftate cream on request. (Id.) See also medical records, Doc. No. 23-4.

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 23) are undisputed for purposes of the Motion and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a

7

mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this particular case, Defendant provides Jail and medical records to show that Plaintiff was treated for several skin issues in response to his medical requests. The evidence refutes Plaintiff's claim that Defendant refused to treat him, and his allegations about improper conditions of confinement are not attributed to the sole remaining Defendant, Nurse Munyan. If Plaintiff complains about a delay in medical treatment, he provides no proof that Defendant caused the delay or that he suffered harm as a result, and no evidence to show that Defendant acted with deliberate indifference to Plaintiff's serious medical needs. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendant acted reasonably under the circumstances, and

that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

### IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 21) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 4th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE